UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NOTTINGHAM-SPIRK DESIGN ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HALO INNOVATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:21-cv-00341 <br><br> Judge J. Philip Calabrese <br><br> Magistrate Judge Thomas M. Parker |

## OPINION AND ORDER

Defendant Halo Innovations, Inc. seeks reconsideration of the Court's order granting summary judgment in favor of Plaintiff Nottingham-Spirk Design Associates, Inc.  Halo Innovations raises four issues on which it seeks reconsideration and requests oral argument.

## GOVERNING LEGAL STANDARD

Although the Rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.  This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]"  Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to:  (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available;

or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

Reconsideration constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Similarly, a party may not simply reargue matters previously raised. *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). At bottom, a motion for reconsideration allows a court to correct its own errors. *Hines*, 414 F. Supp. 3d at 1081.

## ORAL ARGUMENT

Upon review of the motion for reconsideration, the parties' prior briefing, and the record, the Court finds that oral argument will not materially aid resolution of the pending motion. The motion, as well as the prior briefing, present the parties' respective arguments well, and the potential benefits of clarifying the parties' positions do not outweigh the costs of argument measured in terms of the resources the parties and the Court would expend in preparing for argument or in the additional time argument would add to the disposition of the pending motion.

Accordingly, the Court exercises its discretion to resolve the motion for reconsideration without oral argument.

## ANALYSIS

Defendant's motion for reconsideration largely repeats arguments previously made. In this respect, Halo Innovations appears as a disappointed litigant seeking another bite at the apple. It points to no intervening change in the law or new evidence that warrants reconsideration. Nor does it argue that the ruling works a manifest injustice. At best, Defendant asserts that the Court's ruling commits clear error. With one exception, the Court disagrees. Nonetheless, a few points Defendant raises merit a brief response, and the Court addresses each argument Halo Innovations makes in turn.

### 1. "Industry-Standard Licensing/Royalty Agreement"

Halo Innovations argues that the Court erred in interpreting the 2010 proposal as establishing a contract because of a second paragraph referencing the "industry-standard licensing/royalty contract." (ECF No. 45-1, PageID #668–70.) This argument raises an issue the parties fully briefed before. Therefore, it is not a proper subject for reconsideration. In any event, it does not change the Court's analysis.

### 2. Definition of "Product"

Defendant contends that the Court relied on letters between counsel, press releases by Halo Innovations, and the parties' conduct in interpreting the meaning of the term "product" for purposes of the parties' agreement. (ECF No. 45-1, PageID #672.) Defendant is correct that the Court may not rely on extrinsic evidence absent a finding that the language in the contract is ambiguous. Under Ohio law, "[e]xtrinsic

3

evidence is admissible to ascertain the intent of the parties when the contract is unclear or ambiguous, or when circumstances surrounding the agreement give the plain language special meaning." *Graham v. Drydock Coal Co.*, 76 Ohio St. 3d 311, 313–14, 1996-Ohio-393, 667 N.E.2d 949, 952 (citing *Shifrin v. Forest City Enters., Inc.*, 64 Ohio St. 3d 635, 637, 1992-Ohio-28, 597 N.E.2d 499, 501). However, the Court did not rely on extrinsic evidence in concluding that the terms in the 2010 proposal were not ambiguous. In the parts of the ruling to which Defendant points, the Court simply referenced—but not did not adopt—Plaintiff's argument based on extrinsic evidence. (*See* ECF No. 43, PageID #652–53.) Whatever products Halo Innovations subjectively believed its agreements with Nottingham-Spirk covered, the plain language of the parties' agreements leaves no legal doubt about the matter.

3.  **Discovery**

Defendant argues that "[t]he Court erred in granting summary judgment in [Nottingham-Spirk's] favor in view of the substantial and disputed question of which products were subject to a royalty under the parties' alleged agreement." (ECF No. 45-1, PageID #675.) To the contrary, the Court determined that the question of contract interpretation in this case presented a question of law capable of resolution at an early stage in the proceedings consistent with Rule 1. In such circumstances, discovery would not change the clear and unambiguous meaning of the agreements at issue.

4.  **The 2012 Amendment and the Third-Party Patent License**

Finally, Defendant contends that the Court erred in interpreting the date of the royalty adjustment between Nottingham-Spirk and Halo Innovations in the 2012

4

amendment with respect to products that the third-party royalty agreement covers. Upon reanalyzing the language of the 2012 amendment, the Court determines that its original reading of the parties' agreement as obligating Halo Innovations to begin paying a 3.5% royalty to Nottingham-Spirk on the date of the BassiNest® Swivel Sleeper launched in July 2014 was erroneous. Accordingly, the Court will separately issue an amended ruling.

## CONCLUSION

For the most part, Defendant uses a motion for reconsideration to argue, again, issues the parties previously briefed at length. To clarify its ruling and correct its analysis regarding the date on which payment of a 3.5% royalty to Nottingham-Spirk beings under the 2012 amendment, the Court will amend its ruling prior ruling ([ECF No. 43](#)), which it vacates. Accordingly, the Court **GRANTS IN PART** the motion of Halo Innovations for reconsideration. ([ECF No. 45](#).)

SO ORDERED.

Dated: June 21, 2022

    J. Philip Calabrese
    United States District Judge
    Northern District of Ohio

5